

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-79,318-02

**EX PARTE LEROY EDWARD COTY, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1264113-B IN THE 180TH DISTRICT COURT
### FROM HARRIS COUNTY

HERVEY, J., delivered the opinion of the Court in which, KELLER, P.J., MEYERS, WOMACK, JOHNSON, KEASLER, COCHRAN, and ALCALA, JJ., joined. PRICE, J., concurred.

## O P I N I O N

Applicant, Leroy Edward Coty, seeks relief based on the use of evidence that was alleged to be sufficiently unreliable so as to render its use at trial to convict him a violation of due process. The habeas court issued findings of fact and conclusions of law recommending that we deny relief because the State rebutted the inference of falsity and, even if the inference of falsity had not been rebutted, the habeas court concluded that the evidence was not material to Applicant's conviction. After reviewing the record, we agree. Therefore, we deny relief.

### PROCEDURAL HISTORY

Applicant was charged with possession with intent to distribute at least 400 grams of a controlled substance. TEX. HEALTH & SAFETY CODE § 481.112(f). He pled guilty to the lesser-included offense of possession of at least 400 grams of a controlled substance pursuant to a plea-bargain agreement. *Id.* § 481.115(f). After malfeasance of a laboratory technician that worked on his case was discovered, Applicant filed an application for a writ of habeas corpus. We granted relief in a per curiam opinion. *See Ex parte Coty*, No. WR-79,318-02, 2013 WL 2457280 (Tex. Crim. App. June 5, 2013) (per curiam) (op. on orig. submission) (not designated for publication). However, before mandate issued, we withdrew our opinion, granted rehearing, and issued a briefing order to the parties. *See Ex parte Coty*, No. WR-79,318-02, 2013 WL 3250776 (Tex. Crim. App. June 26, 2013) (per curiam) (not designated for publication). On January 15, 2014, this Court issued a second opinion in which we set forth a new analytical framework to resolve claims of forensic technician misconduct. *See generally Ex parte Coty*, 418 S.W.3d 597 (Tex. Crim. App. 2014).[1] We then remanded the case to the habeas court to apply the principles laid out in that opinion. The habeas court has now issued new findings of fact and conclusions of law recommending that we deny relief.

### ANALYTICAL FRAMEWORK

In this Court's prior opinion, we held that when an applicant alleges a due process violation predicated upon the malfeasance of a forensic laboratory technician, that

---

[1]For a detailed discussion of the facts of this case, please refer to previous opinion in this case.

applicant's claim should be analyzed using a modified false-evidence analysis. Under that new analytical framework, the applicant can prevail by establishing an inference of falsity and that the "false"[2] evidence was material to the applicant's conviction. *Ex parte Coty*, 418 S.W.3d at 605.

An applicant can establish an inference of falsity if the applicant can prove five factors:

> (1) the technician in question is a state actor, (2) the technician has committed multiple instances of intentional misconduct in another case or cases, (3) the technician is the same technician that worked on the applicant's case, (4) the misconduct is the type of misconduct that would have affected the evidence in the applicant's case, and (5) the technician handled and processed the evidence in the applicant's case within roughly the same period of time as the misconduct.

*Id.* If this burden has been met, an inference of falsity has been established, and the burden then falls to the State to rebut that inference of falsity by showing that the laboratory technician did not commit intentional misconduct in that applicant's case. *Id.*

In addition, although the State can rebut an inference of falsity established by an applicant, we also explained that for an applicant to ultimately prevail, the burden remains on the applicant at all times to prove that, even if the evidence in question is false, the false evidence was also material to the applicant's conviction. *Id.*

## ANALYSIS

The habeas court concluded, and we agree, that under the facts of this case, the

---

[2]We use the term "false" evidence to generally refer to evidence that has been proven actually false by direct evidence or evidence that has been proven false by inference via circumstantial evidence and the analytical framework delineated in our prior opinion.

State rebutted the presumption that the evidence in question should be presumed false.

Specifically, the habeas court stated,

> The Court concludes that the State successfully rebuts the presumption of falsity test and demonstrates that Jonathan Salvador did not commit intentional misconduct in Applicant's case. [*Ex parte Coty*, 418 S.W.3d at 605–06.] This conclusion is based on the following evidence from the record:
>
> (a) The chain of custody report is thoroughly detailed and is consistent with the worksheets of Jonathan Salvador and Brian Nacu.
>
> (b) Orlando Jacobs, Jonathan Salvador, and Brian Nacu all make similar representations regarding the drug exhibit's large bulk weight, appearance, and "Golden Puffs" container.
>
> (c) The drug exhibit's appearance on video is consistent with the representations of Orlando Jacobs, Jonathan Salvador, and Brian Nacu as well as the photographs depicting its current appearance.
>
> (d) Jonathan Salvador and Brian Nacu properly initialed and dated the drug exhibit and containers in a manner consistent with proper chain of custody documentation.
>
> (e) Brian Nacu and Jonathan Salvador reached similar conclusions regarding the presence of cocaine and the weight of the drug exhibit.
>
> (f) Brian Nacu and Jonathan Salvador both satisfied administrative and technical reviews conducted by different individuals.
>
> (g) Brian Nacu found that Jonathan Salvador cleanly extracted the sample in L2H-205105.
>
> (h) Samples tested by Jonathan Salvador on the instrument tray immediately before and after L2H-205105 were from different laboratory cases and were positive for controlled substances other than cocaine.
>
> (i) None of the other drug exhibits checked out of the drug vault by Jonathan Salvador on June 14, 2010 contained a bulk cocaine exhibit.
>
> (j) The only large bulk cocaine case for which Jonathan Salvador generated

a report on June 16, 2010, was for Applicant's drug exhibit: L2H-205105.

(k) L2H-205105 field tested positive for the presence of cocaine.

(l) A K-9 positively alerted on the drug exhibit when it was in Applicant's car.

(m) Brian Nacu found nothing to suggest that Jonathan Salvador misidentified any substance or failed to exert adequate effort to obtain a sample in L2H-205105.

The habeas court also concluded that,

> Applicant does not prove by a preponderance of the evidence that intentional misconduct by Jonathan Salvador, if it had existed, would have been material to his conviction because of the significant amount of evidence to support his guilt. *Id.* at 600 n.7; *see also Ex parte Chavez*, 371 S.W.3d 200, 209-10 (Tex. Crim. App. 2012) (habeas corpus relief denied for failure to demonstrate materiality of false evidence). This conclusion is based on all of the evidence in the record to support that the State successfully rebut[ted] the presumption of falsity. In addition to this evidence, the Court also bases its conclusion on the videotape of the dashboard camera from Orlando Jacobs' patrol car that captured the seizure, weighing, and field testing of Applicant's drug exhibit as well as the positive K-9 alert on Applicant's car.

## CONCLUSION

After independently reviewing the record after remand, we adopt the findings of fact and conclusions of law of the habeas court. As a result, we agree with the habeas court's recommendation, and Applicant is denied relief.

Hervey, J.

Delivered: June 4, 2014

Publish