

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-80,657-01

### EX PARTE QUENTIN ALLAN DURISSEAU, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 11-DCR-056967
### IN THE 434TH DISTRICT COURT FROM FORT BEND COUNTY

*Per curiam.  Newell, J. not participating.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967).  Applicant was convicted of possession of a controlled substance and sentenced to three years' imprisonment.  He did not appeal his conviction.

Applicant contends that his due process rights were violated because a forensic scientist did not follow accepted standards when analyzing evidence in his case.  The trial court initially recommended granting relief. On February 12, 2014, this Court remanded this application due to its new opinion dealing with these types of cases in *Ex parte Coty*, 432 S.W.3d 341 (Tex. Crim. App. 2014).  On August 26, 2014, the trial court signed findings of fact again recommending granting

relief. Those findings are not supported by the record.

The evidence in Applicant's case was field tested by police and tested positive for the controlled substance. The evidence was available for retesting in 2014 and again tested positive. Given the amount of evidence found in his residence, Applicant received a low sentence pursuant to the plea agreement. We find that although the initial lab report is given an inference of falsity, the State has adequately rebutted that presumption and that Applicant has not shown the report was material to his decision to plead guilty in this cause. *Ex parte Coty*, 432 S.W.3d 341 (Tex. Crim. App. 2014); *Ex parte Barnaby*, 475 S.W.3d 316 (Tex. Crim. App. 2015). Therefore, based on this Court's independent review of the entire record, we deny relief.

Filed: February 24, 2016
Do not publish