

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-87,051-01

### EX PARTE MICHAEL ARBARY PRYOR, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 066728-A IN THE 397TH DISTRICT COURT FROM GRAYSON COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to driving while intoxicated and was sentenced to twenty years' imprisonment. He waived his right to appeal pursuant to the plea agreement.

Applicant contends, among other things,[1] that he was denied due process because a forensic scientist who performed the blood analysis in his case, Christopher Youngkin, has come under

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

scrutiny for his work in other cases. The record indicates that neither the prosecutor nor Applicant's trial counsel were aware of any issues with regard to Youngkin's work at the time of Applicant's plea. Nevertheless, approximately one month after Applicant's plea, his trial counsel was notified by the State that there might be issues regarding Youngkin's credibility. The habeas record does not include a copy of the notification, or any additional information concerning any continuing or concluded inquiry into Youngkin's work at the Texas Department of Public Safety Crime Laboratory. The trial court finds that Applicant has made no showing that the State failed to disclose exculpatory evidence to the defense in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). However, Applicant's due process claim could also encompass a "false evidence" claim, a possibility which is not addressed by the trial court's findings of fact and conclusions of law.

To establish that an applicant was denied due process on the basis of false evidence, the applicant must show that the evidence in his or her case was false, and that the false evidence was material. When an applicant alleges a due process violation predicated upon the malfeasance of a forensic laboratory technician, the applicant can prevail by establishing an inference of falsity and that the "false" evidence was material to the applicant's conviction. *Ex parte Coty*, 432 S.W.3d 341, 342 (Tex. Crim. App. 2014). In the context of a plea of guilty, the materiality of false evidence is measured by what impact that false evidence had on the defendant's decision to plead guilty. If the applicant, knowing the falsity of the evidence, would not have pleaded guilty but would have insisted on going to trial on the charges, then the false evidence was material. *Ex parte Barnaby*, 475 S.W.3d 316, 327 (Tex. Crim. App. 2015).

As noted above, the habeas record in this case contains little information to either support or refute Applicant's allegations. However, Applicant has alleged facts that, if true, might entitle

him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall supplement the habeas record with a copy of the notification sent by the Grayson County Criminal District Attorney's office to Applicant's trial counsel regarding Christopher Youngkin, and with any additional documentation pertaining to the investigation into Youngkin's performance as a forensic scientist at the Texas Department of Public Safety Crime Laboratory. The trial court shall make findings of fact and conclusions of law as to whether there has been any determination that Youngkin committed intentional misconduct in this or any other case. The trial court shall also make findings of fact and conclusions of law as to whether, had Applicant known that the blood analysis report of Christopher Youngkin was potentially subject to challenge, he would still have pleaded guilty, or would have insisted on going to trial on the charges. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall

be forwarded to this Court within 120 days of the date of this order.  Any extensions of time must

be requested by the trial court and shall be obtained from this Court.


Filed: July 26, 2017
Do not publish